PACIFIC ENTERPRISES, a California corporation, Plaintiff—Appellee,

v.

FEDERAL INSURANCE COMPANY, a corporation, Defendant—Appellant.

No. 04–55850.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2005.

Decided June 6, 2006.

Kirk A. Pasich, Esq., Pasich & Kornfeld, Los Angeles, CA, for Plaintiff–Appellee.

HQ12, Sempra Energy, San Diego, CA, James W. Denison, Stroock & Stroock & Lavan, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT and RAWLINSON, Circuit Judges, and FOGEL,* District Judge.

MEMORANDUM **

Federal Insurance Company (Federal Insurance) appeals the district court's de-

---

\* The Honorable Jeremy D. Fogel, United States District Judge for the Northern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

nial of its motion for a new trial. For the reasons discussed below, we affirm.

1. The district court's determination of reliability and subsequent admission of testimony from Pacific Enterprises' expert witness was not an abuse of discretion. *See* Fed.R.Evid. 702; *see also Kumho Tire Ltd. v. Carmichael,* 526 U.S. 137, 149, 158, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Until a case is concluded, the district court may change its ruling on the admissibility of evidence. *See Holly D. v. Cal. Inst. of Tech.,* 339 F.3d 1158, 1180 (9th Cir.2003) (affirming that "a district court has the discretion to modify intermediate dispositions at any time before final judgment is entered") (citations omitted).

2. Exclusion of the theory of loss presented by Pacific Enterprises' expert at trial was not required, as the expert did not present a new theory which prejudiced or harmed Federal Insurance. It was within the district court's discretion to determine whether Federal Insurance was unfairly deprived of an opportunity to challenge the evidence presented. *See White v. Ford Motor Co.,* 312 F.3d 998, 1006 (9th Cir.2002); *Bunch v. United States,* 680 F.2d 1271, 1280 (9th Cir.1982).

3. The admission of deposition testimony from Pacific Enterprises' lay witness accountant regarding her opinion of the amount of the loss, based on her observations and summary of the accounting data, was not an abuse of discretion. *See Dorn v. Burlington N. Santa Fe R.R. Co.,* 397 F.3d 1183, 1192 (9th Cir.2005) (explaining that testimony based on the witness' opinion of the evidence was "permissible opinion of a lay witness."). Regardless, any error was harmless because the jury's calculation of loss was not affected by the accountant's testimony. *See McEuin v. Crown Equip. Corp.,* 328 F.3d 1028, 1037 (9th Cir.2003) (concluding that any error was harmless "since it would not have affected the jury's verdict.").

4. The court did not abuse its discretion when it declined to give an instruction defining the term "operating expenses." *See Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1029–30 (9th Cir.2003) (explaining that the court is not required to define commonly understood terms.). Nor did the court abuse its discretion when it declined to give Federal's proposed instruction regarding when the claimed loss must be incurred. *See Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 212 (9th Cir.1988) ("A jury instruction is adequate, even if it does not use the exact words proposed by a party, incorporate every proposition of law suggested by counsel, or amplify an instruction, if the instruction given enables the jury to determine the issue intelligently.") (citation omitted).

5. The award of prejudgment interest from the inception of litigation was not an abuse of discretion. *See* California Civil Code section 3287(b); *see also A & M Produce Co. v. FMC Corp.,* 135 Cal.App.3d 473, 496–97, 186 Cal.Rptr. 114 (1982).

6. The appropriate legal recourse for one insurer against a co-insurer, not a party to the litigation, is to seek contribution. *See Carmel Dev. Co. v. RLI Ins. Co.,* 126 Cal.App.4th 502, 507–09, 24 Cal. Rptr.3d 588 (2005).

AFFIRMED.